**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Matias Velazquez,<br><br>       Movant,<br><br>vs.<br><br>United States of America,<br><br>       Respondent. | No. CV-11-820-PHX-RCB(LOA)<br>    CR-97-361-PHX-RCB<br><br>O R D E R |

Currently pending before the court is the Report and Recommendation of the United States Magistrate Judge Lawrence O. Anderson ("R & R") (Doc. 18), "find[ing] that Movant [Matias Velazquez] is entitled to error *coram nobis* relief[,]" R & R (Doc. 18) at 18:8-9, to which timely objections have been filed by the Respondent, the United States of America (Doc. 19).

### ***Background***

### *I. Factual*

On August 15, 1997, the movant pled guilty in this federal district court to a one count information charging

1  him with conspiracy to defraud the United States in violation
2  of 18 U.S.C. § 286.  Resp. (Doc. 10), exhs. 11 and 16
3  thereto.  At sentencing, the court found that the "evidence
4  reflect[ed] that only $95,121 of the total loss of $285,180
5  c[ould] be attributed to" the movant.  Id., exh. 13 thereto
6  at 11, ¶ 2.  Therefore, on June 14, 1999, after granting a
7  downward departure, this court sentenced the movant to four
8  years of probation.  Id., exh. 17 at 27:18-19.

9  　　　The movant is a citizen of Mexico who has been a
10 permanent resident of the United States since November 21,
11 1989.  Id., exh. 18 thereto.  Prior to his guilty plea, on
12 January 17, 1996, the movant completed a Form N-400,
13 Application for Naturalization, with the assistance of a non-
14 attorney representative from Chicanos Por La Causa.  Id.  The
15 movant formally withdrew that Application, however, on April
16 17, 2002, after determining that his federal guilty plea
17 rendered him "ineligible" to apply for naturalization.  Id.,
18 exh. 19 thereto.

19 　　　On July 26, 2007, well after he had served his four year
20 sentence of probation, the movant completed a second
21 naturalization application, with the assistance from American
22 Beginnings, a Yuma, Arizona organization.  Id., exh. 20
23 thereto. In his September 10, 2008, interview with respect to
24 that application, the movant disclosed his felony conviction.
25 Id., exh. 21 thereto.  Determining that conviction to be an
26 "aggravated felony," the movant was found to be removable
27 from the United States.  Id. at 57-58.
28 　　　Thereafter, on November 8, 2010, the Department of

Homeland Security issued a Notice of Appearance charging the movant with removability based upon his 1999 conviction. Id., exh. 22 thereto.  That Notice explained that because in the plea agreement the movant "stipulated that the total loss to the government attributable to [him] was $95,121.00[,]" his conviction was an aggregated felony under section 101(a)(43(M) of the Immigration and Nationality Act.  Id. at 60 and 62.  Hence, the movant was deportable on that basis. Id. at 62.

### ***II.  Legal***

On March 31, 2010, in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473 (2010), the Supreme Court held "that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea."  Chaidez v. United States, ___ U.S. ___, 133 S.Ct. 1103, 1105 (Feb. 20, 2013).  Exactly one year later, on March 31, 2011, the movant, heavily relying upon Padilla, filed a "Motion to Vacate Plea of Guilty & Set Aside Judgement/Motion for Expungement" (Doc. 1).  The movant argued, *inter alia*, that he was entitled to such relief because his defense counsel did not properly advise him that "his deportation was presumptively or 'virtually' mandatory." Mot. (Doc. 1) at 5:15 (citing 8 U.S.C. § 1227(a)(2)(B)(i)). Relatedly, the movant further argued that his defense counsel's "failure to properly advise [him] of the immigration consequences" of his guilty plea "constitutes ineffective assistance of counsel under" Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), Padilla, and

1  United States v. Kwan, 407 F.3d 1005 (9th Cir. 2005).  Id. at
2  8:18-20.
3       In recommending that the movant be granted relief based
4  upon the writ of error *coram nobis*, the Magistrate Judge,
5  like the movant, heavily relied upon Padilla, and he also
6  relied upon Kwan.  In fact, in finding that the "performance"
7  of movant's counsel was "deficient[,]" the Magistrate Judge
8  reasoned that "[u]nder *Padilla* and *Kwan,* Movant should have
9  been advised of the mandatory immigration consequences of his
10 guilty plea."  R & R (Doc. 18) at 16:28-17:1.  More
11 specifically, the Magistrate Judge found that "[d]efense
12 counsel's performance was deficient for failing to research
13 the relevant immigration law and failing to provide Movant
14 accurate advice regarding the immigration consequences of his
15 guilty plea  – mandatory deportation."  Id. at 17:5-7.
16 Relying upon United States v. Orocio, 645 F.3d 630 (3rd Cir.
17 2011), as well as lower courts within this Circuit, and
18 because the parties did not dispute the retroactivity of
19 Padilla, the Magistrate Judge applied Padilla retroactively.
20 See id. at 12:21-28, n.3.
21      On February 20, 2013, however, the Supreme Court
22 abrogated  Orocio, and expressly held that Padilla "announced
23 a 'new rule,'" and thus under the Court's retroactivity
24 analysis, a person whose conviction was final before the 2010
25 Padilla decision cannot benefit from that new rule.  See
26 Chaidez, 133 S.Ct. at 1111.  Because it appears that the
27 movant's conviction herein was final before the Supreme
28 Court's decision in Padilla, and because Padilla is the

-4-

primary basis for the movant's request for relief in this action, the court hereby **ORDERS** that:

(1) the movant, Matias Velazquez, **shall have twenty (20) days** from the date of entry of this order in which to file and serve a memorandum of law addressing the impact of Chaidez v. U.S., ___ U.S. ___, 133 S.Ct. 1103 (Feb. 20, 2013), if any, upon the pending R & R and the United States' objections thereto:

(2) a response, **shall** be filed and served in accordance with LRCiv 7.2 (c); and

(3) a reply, if any, **shall** be filed and served in accordance with LRCiv 7.2(d).

DATED this 10th day of April, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 5 -